**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-06-169-M |
| | ) | (CIV-08-1398-M) |
| JOHN M. DAVIS, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

**ORDER**

Defendant-Movant John M. Davis ("Davis"), a federal prisoner, filed a motion to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255 on December 24, 2008.  On January 22,

2009, plaintiff-respondent United States of America filed its response,  and on May 26, 2009, Davis

filed a "Motion to Correct Illegal Sentence".

I.      Background

On September 11, 2006, Davis pled guilty to Count 3 of the Indictment charging possession

of a firearm which had the manufacturer's serial numbers removed or obliterated after the firearm

had been transported in interstate or foreign commerce, in violation of 18 U.S.C. § 922(k).

On December 19, 2006, Davis was sentenced to a term of imprisonment of 60 months and 3 years

of supervised release.  On January 4, 2007, Davis filed a  notice of appeal.  On April 9, 2007, the

United States Court of Appeals for the Tenth Circuit granted  Davis' motion to dismiss his appeal.

One year and eight months later, on December 24, 2008, Davis filed the instant § 2255 motion.

II.     Discussion

In his motion, Davis argues his 60-month sentence coupled  with  the  3-year  term  of

supervised release, exceeds the five-year statutory maximum sentence allowable for his crime.  The

government asserts Davis' § 2255 motion is untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, amended 28 U.S.C. § 2255 to prevent prisoners from filing § 2255 motions more than one year after their convictions became final.  Section 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Judgment was entered by the district court, on December 20, 2006. Davis' appeal was dismissed by the United States Court of Appeals for the Tenth Circuit on April 9, 2007.   Thus, Davis' conviction and sentence became final on April 9, 2007.  Further, Davis has not alleged any impediment by the government, violation of any newly recognized right or the existence of any newly discovered evidence.  Accordingly, the one-year limitation period expired on April 9, 2008. Davis filed the instant § 2255 motion eight months after the one-year limitation period expired.  The Court, therefore, finds that Davis' § 2255 motion is time-barred and should be dismissed.

III.    Evidentiary Hearing

As set forth above, Davis' § 2255 motion should be dismissed because it is untimely since

it was filed one year and eight months after the dismissal of his appeal by the United States Court

of Appeals for the Tenth Circuit.  Because that conclusion is conclusively shown from the record

and from the nature of Davis' claims, the Court finds there is no need for an evidentiary hearing on

this motion.  *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v .*

*Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. § 2255.

IV.     Conclusion

Accordingly, the Court DISMISSES Davis' motion to vacate, set aside, or correct sentence.

**IT IS SO ORDERED this 29th day of October, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE